| | | |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: DAVID M. KRUCHTEN<br>CASE NUMBER: 0758 3:20CR00010-001 | Judgment - Page 1 |

# United States District Court
## Western District of Wisconsin

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE**<br>(for offenses committed on or after November 1, 1987) |
| V. | **Case Number:** 0758 3:20CR00010-001 |
| David M. Kruchten | **Defendant's Attorney:** Joseph A. Bugni |

Defendant, David M. Kruchten, pleaded guilty to Count(s) 1 and 2 of the superseding information.

Defendant has been advised of his right to appeal.

**ACCORDINGLY**, defendant is adjudicated guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1466A | Obscene Visual Depictions of the Sexual Abuse of Minors, Class C Felony | December 6, 2019 | 1 |
| 18 U.S.C. § 2423(b) | Transportation of Minors with Intent to Engage in Illicit Sexual Conduct 18 U.S.C. § 2423(b), Class B Felony | December 6, 2019 | 2 |

Defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, defendant shall notify the court and United States Attorney of any material change in defendant's economic circumstances.

| | | | |
|---|---|---|---|
| **Defendant's Date of Birth:** | ▮ 1982 | | October 22, 2021 |
| **Defendant's USM No.:** | 11744-090 | | Date of Imposition of Judgment |
| **Defendant's Residence Address:** | ▮<br>Cottage Grove, WI ▮ | | /s/ James D. Peterson |
| **Defendant's Mailing Address:** | c/o Sauk County Jail<br>1300 Lange Court<br>Baraboo, WI 53913 | | James D. Peterson<br>District Judge |
| | | | October 26, 2021 |
| | | | Date Signed: |

| | | |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: DAVID M. KRUCHTEN<br>CASE NUMBER: 0758 3:20CR00010-001 | Judgment - Page 2 |

## IMPRISONMENT

As to Counts 1 and 2 of the superseding information, it is adjudged that the defendant is committed to the custody of the Bureau of Prisons for a term of 144 months on each count, to run concurrent with each other. I recommend that the defendant receive substance abuse and mental health programming, and sex offender treatment. I further recommend that the defendant be afforded prerelease placement in a residential reentry center with work release privileges.

The defendant is in primary federal custody. However, he has pending charges in Hennepin County District Court Case No. 27-CR-20-3296 for conduct related to this federal offense. According to the United States Supreme Court's ruling in *Setser v. United States*, 132 S.Ct. 1463 (2012), I have the discretion to impose a sentence that will run concurrently with or consecutively to any other sentence. Pursuant to USSG § 5G1.3(c), I will order that the federal sentence run concurrently with any sentence that might be imposed in the state's case, which involves conduct considered in today's sentence.

The U.S. Probation Office is to notify local law enforcement agencies, and the state attorney general, of defendant's release to the community.

## RETURN

**I have executed this judgment as follows:**

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____

United States Marshal

By _____

Deputy Marshal

Case: 3:20-cr-00010-jdp Document #: 102 Filed: 10/26/21 Page 3 of 8

| | DEFENDANT: | DAVID M. KRUCHTEN | |
|---|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | CASE NUMBER: | 0758 3:20CR00010-001 | Judgment - Page 3 |

# SUPERVISED RELEASE

The term of imprisonment is to be followed by a three-year term of supervised release on Count 1 and a 20-year term of supervised release on Count 2, to run concurrently with Count 1. The terms are subject to the mandatory conditions.

In light of the nature of the offense and the defendant's personal history, I adopt condition numbers 1 through 25 as proposed and justified in the presentence report. I will add special condition 26 which was justified and discussed with the parties at sentencing.

Drug testing is covered under the defendant's special conditions of supervision, and he has a history of substance abuse; therefore, the requirement for drug testing set forth at 18 U.S.C. § 3583(d) is not waived.

If, when defendant is released from confinement to begin his term of supervised release, either the defendant or the supervising probation officer believes that any of the conditions imposed today are no longer appropriate, either one may petition the Court for review.

Defendant is to abide by the statutory mandatory conditions.

## Statutory Mandatory Conditions

Defendant shall not commit another federal, state, or local crime. [Note: Any defendant that has been convicted of a felony offense, or is a prohibited person, shall not possess a firearm, ammunition, or destructive device pursuant to 18 U.S.C. §§ 921 and 922.]

Defendant shall not illegally possess a controlled substance. The defendant is subject to drug testing according to 18 U.S.C. §§ 3563(a)(5) and 3583(d).

Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

Defendant shall comply with the standard and special conditions that have been adopted by this court.

## Standard Conditions of Supervision

1) Defendant shall not knowingly leave the judicial district in which defendant is being supervised without the permission of the Court or probation officer;

2) Defendant is to report to the probation office as directed by the Court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer, and follow the officer's instructions. The monthly report and the answer to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent;

3) Defendant shall maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment, unless excused by the probation officer or the Court;

4) Defendant shall notify the probation officer within seventy-two hours of any change in residence, employer, or any change in job classification;

Case: 3:20-cr-00010-jdp   Document #: 102   Filed: 10/26/21   Page 4 of 8

| | DEFENDANT: | DAVID M. KRUCHTEN | |
|---|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | CASE NUMBER: | 0758 3:20CR00010-001 | Judgment - Page 4 |

5) Defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Defendant shall not use any product containing cannabidiol (CBD) or tetrahydrocannabinol (THC), except as prescribed by a physician;

6) Defendant shall not visit places where defendant knows or has reason to believe controlled substances are illegally sold, used, distributed, or administered;

7) Defendant shall not meet, communicate, or spend time with any persons defendant knows to be engaged in criminal activity or planning to engage in criminal activity;

8) Defendant shall permit a probation officer to visit defendant at home, work, or at some other mutually convenient location designated by the probation officer at any reasonable time and shall permit confiscation of any contraband observed in plain view by the probation officer;

9) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

10) Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;

11) Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons, unless instructed by a U.S. probation officer to report within a different time frame; and

12) Defendant shall not possess a firearm, ammunition, destructive device, or dangerous weapon.

**Special Conditions of Release**

13) Provide the supervising U.S. Probation Officer any and all requested financial information, including copies of state and federal tax returns.

14) Defendant shall permit the supervising U.S. Probation Officer to notify defendant's employers, friends, family, community organizations, and educational and volunteer agencies, where minors reside or regularly spend time, of the risks associated with his criminal history involving a sex offense against a minor.

15) Submit person, property, residence, papers, vehicle, computers [as defined in 18 U.S.C. § 1030(e)(1), or other electronic communications, data storage device, or media], or office to a search conducted by a U.S. Probation Officer at a reasonable time and manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release relating to substance abuse or illegal activities; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises defendant is occupying may be subject to searches pursuant to this condition.

16) Participate in mental health referral, assessment, and treatment as approved by the supervising U.S. Probation Officer and comply with all rules, regulations, and recommendations of the mental health agency or its representative to the extent approved by the supervising U.S. Probation Officer. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it.

17) Participate in a substance abuse evaluation and recommended treatment. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it. Defendant shall submit to drug testing beginning within 15 days of defendant's release and 60 drug tests annually thereafter. The probation office may utilize the Administrative Office of the U.S. Courts' phased collection process.

18) Do not to use alcohol to excess. Excess is defined as alcohol use so extensive that it interferes with defendant's responsibilities to family or employer, or it impairs defendant to any degree while driving or on the job.

Case: 3:20-cr-00010-jdp   Document #: 102   Filed: 10/26/21   Page 5 of 8

| | DEFENDANT: DAVID M. KRUCHTEN | |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | CASE NUMBER: 0758 3:20CR00010-001 | Judgment - Page 5 |

19) Defendant shall provide the supervising U.S. Probation Officer advance notification of any devices associated with or falling within the general category of information technology (IT) that produce, manipulate, store, communicate or disseminate information used by defendant. This includes external and portable hard drives. The probation office is authorized to install applications to monitor any such devices owned or operated by defendant. Defendant is required to comply with the monitoring agreement and may not disable or circumvent any applications. Defendant shall consent to and cooperate with unannounced examinations of any technological equipment owned or used by defendant, including but not limited to retrieval and copying of all data from all information technology devices and any internal or external peripherals based on reasonable suspicion of contraband or illegal activity. The examinations may involve removal of such equipment for the purpose of conducting examination.

20) Not possess any visual or audio recording devices.

21) Not possess any depictions of sexually explicit conduct of minors as defined in 18 U.S.C. § 2256(8).

22) With the exception of his biological children, defendant shall not meet or spend time with any person under the age of 18 or have verbal, written, telephonic or electronic communication with any such person, except with the express permission of the minor's parent or legal guardian and the supervising U.S. Probation Officer. This provision does not include persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom defendant must deal in order to obtain ordinary and usual commercial services.

23) Not work in any occupation, business, or profession, or participate in any volunteer activity where defendant has access to children under the age of 18 without the prior approval of the supervising U.S. probation officer

24) Not initiate contact with the victims in person, through written or electronic communication, or through a third party, unless authorized by the supervising U.S. Probation Officer. If a victim initiates contact with the defendant or the defendant knowingly has incidental contact with a victim while in the community, the defendant shall notify the probation office of this contact within 72 hours.

25) Comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C §20913, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which defendant resides, works, is a student or was convicted of a qualifying offense.

26) As approved by the supervising U.S. Probation Officer, undergo psychosexual evaluations which may involve use of polygraph examinations. Defendant shall participate in an outpatient sex offender counseling program if recommended by the evaluator, which may involve the continued use of polygraph examinations. Defendant's answers to questions by the treatment provider, probation officer and polygraph examiner shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent. Defendant shall follow all treatment requirements and restrictions. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it. Defendant shall allow reciprocal release of information between the supervising U.S. Probation Officer and the treatment provider. This condition will terminate three years after the defendant's release from custody, unless the supervising U.S. Probation Officer or U.S. Attorney's Office petitions the court to continue it. If defendant does not consent to the continuation of the condition, he will be entitled to a hearing on the petition.

ACKNOWLEDGMENT OF CONDITIONS

I have read or have had read to me the conditions of supervision set forth in this judgment, and I fully understand them. I have been provided a copy of them. I understand that upon finding a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

| | DEFENDANT: | DAVID M. KRUCHTEN | |
|---|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | CASE NUMBER: | 0758 3:20CR00010-001 | Judgment - Page 6 |

_____       _____
Defendant                                                          Date

_____       _____
U.S. Probation Officer                                        Date

# CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | TBD |
| 2 | $100.00 | $0.00 | TBD |
| **Total** | **$200.00** | **$0.00** | **TBD** |

It is adjudged that the defendant is to pay a $200.00 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin immediately following sentencing. Defendant is encouraged to pay the assessment as agreed upon in the plea agreement to ensure he is not precluded from participating in programming for non-payment while in the federal prison system.

Defendant does not have the means to pay a fine under § 5E1.2(c) without impairing his ability to support himself and his family upon release from custody, so I will impose no fine.

Restitution has been requested by one victim at this time. By request of the parties, the issue of restitution will be held open and a restitution hearing will be scheduled within 90 days. U.S. Probation is ordered to update defendant's financial information for this hearing.

This updated financial information will be considered in determining the defendant's ability to make payment of the $5,000 assessment under the Justice for Victims of Trafficking Act of 2015.

For any final judgment of restitution, if defendant is ordered to pay restitution at that hearing, I will find defendant does not have the economic resources to allow himself to make full payment of restitution in the foreseeable future under any reasonable schedule of payments. Pursuant to 18 U.S.C. § 3664(f)(3)(B), he would be ordered to begin making nominal payments of a minimum of $150 each month, beginning within 60 days of defendant's release from custody. The defendant should also notify the court and the United States Attorney General of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution. No interest would accrue on the unpaid portion of the restitution, if imposed.

A final order of forfeiture is granted for the property seized from the defendant in accordance with 18 U.S.C. § 2253.

| | | |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: DAVID M. KRUCHTEN<br>CASE NUMBER: 0758 3:20CR00010-001 | Judgment - Page 8 |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:

        (1) assessment;
        (2) restitution;
        (3) fine principal;
        (4) cost of prosecution;
        (5) interest;
        (6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation office, and U.S. Attorney's office so that defendant's account can be credited.